# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:23-cv-02684-MEMF (JDE) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the agency's decision denying Plaintiff's application for disability benefits be affirmed. (ECF No. 16.) Specifically, the Administrative Law Judge ("ALJ") found that Plaintiff had not proven she had a medically determinable impairment of Graves' Disease or hyperthyroidism during the period of alleged disability, from March 23, 1991, through September 30, 1996. (*Id*. at 8-10.) The Report found that the ALJ's finding for this period was supported by substantial evidence and free of legal error. (*Id*. at 10.)

Plaintiff's Objections to the Report (ECF No. 18) do not warrant a change to the Magistrate Judge's findings or recommendation, for the following reasons.

Plaintiff objects that she did present evidence of a medically determinable impairment, in the form of Kaiser Permanente Disability Certifications and California State disability payments with diagnoses of elevated thyroid and hyperthyroidism. (ECF No. 16 at 2.) The Court has reviewed this evidence. (ECF No. 7-6 at 19-24; ECF No. 7-9 at 180-86, 188, 190-92, 194, 196-97, 199, 201, 203, 205, 207, 209.) As the Report correctly found, a diagnosis is insufficient to establish a medically determinable impairment under the agency's rules. (ECF No. 15 at 8 (citing 20 C.F.R. § 404.1521)). And as the Report also correctly found, this evidence did not document any medical signs or laboratory findings substantiating the existence of Graves' disease. (ECF No. 15 at 10.)

Plaintiff objects that the agency's vocational expert testified that Plaintiff's medical condition prevented her return to any employment. (ECF No. 16 at 2.) The Court has reviewed the transcript of the administrative hearing and found no such testimony from the vocational expert. (ECF No. 7-3 at 65-78.) Moreover, as the ALJ pointed out, the vocational expert had no medical training to testify about the effects of Graves' Disease and could testify only in response to hypothetical questions posed in vocational terms. (*Id*. at 75.) The ALJ's approach was consistent with Ninth Circuit authority. *See Sample v. Schweiker*, 694 F.2d 639, 644 and n.6 (9th Cir. 1982) (recognizing that it is the vocational expert's role to translate factual scenarios into realistic job market probabilities, not to determine the validity of medical opinions).

Plaintiff objects that the ALJ had an affirmative duty to develop the record. (ECF No. 16 at 3.) But the ALJ did take affirmative steps to develop the record, by continuing the hearing and leaving the record open. (ECF No. 7-3 at 90-92.) This discharged the ALJ's duty to develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ may discharge this duty in several

ways, including: subpoenaing the claimant's physicians, submitting questions, to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record.") (citation omitted).

Finally, Plaintiff objects that the ALJ found her testimony to be compelling. (ECF No. 16 at 3.) The ALJ did find that Plaintiff's testimony about her symptoms was compelling. (ECF No. 7-3 at 20.) But as the Report reasonably found, Plaintiff's testimony was insufficient to establish a medically determinable impairment. (ECF No. 15 at 8 (citing 20 C.F.R. § 404.1521 and Social Security Ruling 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017)).

In sum, Plaintiff's objections are overruled.[1]

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the decision of the Commissioner is affirmed.

DATED: February 11, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes two clerical errors in the Report, which do not affect this Court's determination that the Report should be adopted. First, on page 2 at line 25, it appears that the Report was intended to read "The ALJ found that Plaintiff did **[not]** have any medically determinable impairment . . . ." (ECF No. 15 at 2.) Second, there was an error in footnote 2; the phrase **"Error! Main Document Only."** appears to have been inadvertently included in the final Report. (ECF No. 15 at 6.)

The Court adopts the Report with the exception of these two clerical errors.